**FOURTH DIVISION**
**MCFADDEN, P. J.,**
**WATKINS and PADGETT, JJ.**

NOTICE: Motions for reconsideration must be
physically received in our clerk′s office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.gov/rules

July 27, 2026

# In the Court of Appeals of Georgia

A26A1087. PATEL et al. v. BRIM.

PADGETT, Judge.

Vansh Patel and Piyushkumar Patel filed a complaint for damages against Richard T. Brim, III, alleging negligence and a violation of the Georgia Dram Shop Act, OCGA § 51-1-40. The Patels sought to recover for injuries Vansh sustained in a single-vehicle collision caused by an underage intoxicated driver, whom the Patels alleged consumed alcohol on Brim's property. Brim moved to dismiss the complaint pursuant to OCGA § 9-11-12(b)(6), arguing that because the Patels did not allege that he sold, furnished, or served alcohol to the underage individual, knowing that the individual would soon be driving, they failed to state a claim under Georgia law. Following a hearing, the trial court granted Brim's motion and dismissed the Patels' complaint with prejudice. The Patels now appeal, claiming that "read as a whole,"

the Dram Shop Act provides a cause of action against Brim where he "knew or reasonably should have known[ ] that alcohol would be consumed" by underage individuals on his property, but "took no steps to … prevent underage individuals from consuming alcohol on his property, or [to] prevent underage, intoxicated individuals from driving away from his property." For the following reasons, we disagree and affirm the trial court's judgment.

Construing the allegations of the complaint in light most favorable to the plaintiffs,[1] the record shows that Brim owned a farm in Terrell County, Georgia. Brim's niece hosted a graduation party at the farm which high school students attended. David Mullins, an underage individual in attendance, became intoxicated at the party. According to the Patels, underage individuals brought alcohol on to Brim's property. The Patels do not allege, and indeed concede, that Brim did not sell, furnish, or provide alcohol at the party to the underage individuals. After becoming intoxicated, Mullins drove a vehicle a half-mile off Brim's property with Vansh in the passenger seat, where the vehicle collided with a tree, causing Vansh to be ejected

---

[1] "We review de novo a trial court's determination that a pleading fails to state a claim upon which relief can be granted, construing the pleadings in the light most favorable to the plaintiff and with any doubts resolved in the plaintiff's favor." *Babalola v. HSBC Bank, USA, N.A.*, 324 Ga. App. 750, 750 (751 SE2d 545) (2013) (punctuation omitted).

from the vehicle. Mullins was killed in the collision and Vansh was left seriously injured.

1. The Dram Shop Act provides the "exclusive remedy" for a plaintiff seeking to impose liability on a third person for damages arising out of the acts of an intoxicated driver. *Delta Airlines v. Townsend*, 279 Ga. 511, 512(1) (614 SE2d 745) (2005). Accord *Hulsey v. Northside Equities*, 249 Ga. App. 474, 475 (548 SE2d 41) (2001) ("the Dram Shop Act preempts any common law liability for the server of alcohol except under its own terms"). The Dram Shop Act categorically "declares that the consumption of alcoholic beverages, rather than the sale or furnishing or serving of such beverages, is the proximate cause of any injury … inflicted by an intoxicated person … upon another person, except as otherwise provided in subsection (b) of this Code section." OCGA § 51-1-40(a). As relevant here, subsection (b) strictly limits liability for injury, death, and property damage to situations in which a third person

> willfully, knowingly, and unlawfully sells, furnishes, or serves alcoholic beverages to a person who is not of lawful drinking age, knowing that such person will soon be driving a motor vehicle, or … knowingly sells, furnishes, or serves alcoholic beverages to a person who is in a state of noticeable intoxication, knowing that such person will soon be driving a motor vehicle.

OCGA § 51-1-40(b). Thus, by its own terms, the Dram Shop Act provides a cause of action only where a third party "sells, furnishes, or serves" alcohol to either an underage or noticeably intoxicated individual, knowing that the individual will soon be driving a motor vehicle. See OCGA § 51-1-40(b); *Viau v. Fred Dean, Inc.*, 203 Ga. App. 801, 802(1) (418 SE2d 604) (1992) ("OCGA § 51-1-40(b) does not impose liability upon one who merely furnishes the premises upon which alcohol is consumed. It imposes liability only upon one who furnishes the alcohol itself.").

2. Acknowledging that they do not allege that Brim himself sold, furnished, or served alcohol to Mullins, the Patels argue that subsection (b) of OCGA § 51-1-40 "should be expanded to apply to the facts of this case," thereby allowing a cause of action under the Dram Shop Act against the owner of a premises where the owner "knowingly allowed underage high school students, who drove to [the premises] … , to consume alcohol on [the] premises without taking any reasonable steps to prevent [the consumption], or stop them from driving away."[2]

We are without authority to do so and therefore decline the Patels' invitation to expand the reach of OCGA § 51-1-40(b) beyond its plain language. When the General Assembly enacted the Dram Shop Act in 1988, it abrogated the common law

---

[2] Notably, the Patels do not cite to legal authority in support of their argument that OCGA § 51-1-40(b) provides or should provide a cause of action under the facts alleged here.

rule that there was no right of recovery against one who sold or furnished alcohol to an intoxicated person. *Townsend*, 279 Ga. at 511–12(1). Because the Act is in derogation of the common law, we must adhere to the rule of construction that the statute "must be limited strictly to the meaning of the language employed, and not extended beyond [its] plain and explicit terms[.]" Id. at 512(1) (punctuation omitted). In interpreting and applying those plain and explicit terms, this Court repeatedly has held that a subsection (b) establishes a right of action only against a defendant who furnishes alcohol and not against one who merely furnishes the premises upon which alcohol is consumed. See *Kappa Sigma Int'l Fraternity v. Tootle*, 221 Ga. App. 890, 892–93(1) (473 SE2d 213) (1996) (reversing denial of summary judgment to fraternity where there was no evidence that fraternity sold, furnished, or served alcohol to intoxicated student who attended party sponsored by fraternity; "[i]f the General Assembly intended to impose liability under such circumstances, it could have simply stated so"); *Viau*, 203 Ga. App. at 802(1). See also *Leavy v. Cornelius*, 376 Ga. App. 685, 687–88(1) (920 SE2d 172) (2025) (reversing denial of motion to dismiss because Dram Shop Act barred claim that homeowner was negligent by, among other things, failing to supervise minors at party where alcohol was consumed); *Armstrong v. State*, 244 Ga. App. 871, 873(2) (537 SE2d 147) (2000) (noting that while the Act permits civil liability where one knowingly serves alcohol

to a minor or a noticeably intoxicated person, knowing that the minor or the intoxicated person will soon be driving, "nothing in that statute or any other provision of Georgia law mandates that a provider of alcoholic beverages must prevent an intoxicated person from driving"). Because the Patels do not allege that Brim knowingly sold, furnished, or served alcohol to Mullins, as is required to state a claim under the Dram Shop Act, their claims are barred by OCGA § 51-1-40(a) and (b), and the trial court did not err in dismissing their complaint.

3. The Patels alternatively argue — again without citation to legal authority — that subsection (d) of OCGA § 51-1-40 provides them with a cause of action. We disagree.

Subsection (d) provides that:

No person who owns, leases, or otherwise lawfully occupies a premises, except a premises licensed for the sale of alcoholic beverages, shall be liable to any person who consumes alcoholic beverages on the premises in the absence of and without the consent of the owner, lessee, or lawful occupant or to any other person … for any injury or death suffered on or off the premises … caused by the intoxication of the person who consumed the alcoholic beverages."

OCGA § 51-1-40(d). The Patels concede that this subsection "shield[s] … private property owners from liability for alcohol-related harm if someone consumes alcohol on their property without their … permission." Yet, to reach a conclusion that the

6

subsection creates a cause of action here, they urge us to engage in statutory contraposition,[3] "flipping and negating" the subsection to mean that where a property owner "impliedly consented" to underage drinking on his property, he will be liable. Their argument is unpersuasive.

> The rules of statutory construction mandate a presumption that the
>
> General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way[.]

*Deal v. Coleman*, 294 Ga. 170, 172(1)(a) (751 SE2d 337) (2013) (citation modified). Where "the statutory text is 'clear and unambiguous,' we attribute to the statute its plain meaning, and our search for statutory meaning is at an end." Id. at 173(1)(a).

The statutory text within subsection (d) is clear and unambiguous in insulating property owners such as Brim from liability based on consumption of alcohol on the property in the absence of the property owner's consent. Beyond that, the subsection is silent. It simply does not provide a cause of action as the Patels posit here. Furthermore, for this Court to supplement the plain language of the subsection with contrapositive clauses, as the Patels would have us do, would render meaningless subsection (a)'s unequivocal declaration that "the consumption of alcoholic

---

[3] The Patels acknowledge that contraposition "is not a formal canon of statutory construction."

beverages … is the proximate cause of any injury … inflicted by an intoxicated person upon himself or upon another person, except as otherwise provided in subsection (b) of this Code section." See OCGA § 51-1-40(a). But see *Deal*, 294 Ga. at 174(1)(a) n.10 ("[W]e do not read a statute in a way that renders any part of [it] meaningless." (punctuation omitted)). Had the General Assembly intended to create an exception to subsection (a) where a property owner's "implied consent" to alcohol consumption on the owner's property, in and of itself, triggers liability to third persons injured as a result of that consumption, it could have included such an exception in subsection (b). It did not. Under the doctrine of separation of powers, the limit of our authority is clear: "the courts cannot construe [a statute] to force an outcome that the legislature did not expressly authorize. … [S]tatutory construction belongs to the courts, legislation to the legislature. We cannot add a line to the law." *Turner v. Ga. River Network*, 297 Ga. 306, 308–09 (773 SE2d 706) (2015) (punctuation omitted). We decline to construe the Dram Shop Act to force an outcome and create a cause of action that the legislature did not expressly authorize.

Based upon the foregoing, the Patels failed to state a claim under OCGA § 51-1-40 and the trial court properly dismissed their complaint.

*Judgment affirmed. McFadden, P. J., and Watkins, J., concur.*